**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-5122**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JONATHAN FULLER,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Henry E. Hudson, District
Judge.  (3:08-cr-00157-HEH-1)

———————

Submitted:  July 8, 2009        Decided:  September 18, 2009

———————

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

John A. Rockecharlie, Brian S. Foreman, BOWEN, CHAMPLIN, CARR,
FOREMAN AND ROCKECHARLIE, Richmond, Virginia, for Appellant.
Dana J. Boente, Acting United States Attorney, Angela
Mastandrea-Miller, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Fuller pled guilty to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). He received a 160-month prison sentence. On appeal, Fuller raises one issue, claiming the district court committed "significant procedural error" by miscalculating his criminal history, resulting in an incorrect Criminal History Category and the wrong range under the federal Sentencing Guidelines. We disagree with Fuller's claim, and we affirm his conviction and sentence.

This court reviews a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007). In determining whether a sentence is procedurally reasonable, we must first assess whether the district court properly calculated the defendant's advisory Guidelines range. 128 S. Ct. at 596-97. When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008).

In his appeal, Fuller claims the district court erred by using a June 25, 2003 misdemeanor marijuana conviction in calculating the criminal history points. After reviewing the record, we find there is no merit to Fuller's claim. Fuller

2

admitted that he pled guilty to the marijuana offense, and we do not find it relevant whether he served time in jail. Therefore, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED